The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.

 

/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MARSHA KAY SMITH, | ) | CASE NO. 09-63084 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

The chapter 7 trustee, Anne Piero Silagy ("Trustee"), seeks turnover of funds on deposit held by Debtor Marsha Kay Smith ("Debtor") pursuant to 11 U.S.C. § 542. Debtor objects to the request to turnover the funds in the account, arguing the funds are held in a constructive trust for her father. Following a hearing held on January 4, 2010, the parties submitted memoranda in support of their positions.

Jurisdiction is premised in 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). The following Memorandum of Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed a chapter 7 petition on July 29, 2009. The account in question was not listed in the schedules filed on that date. On October 12, 2009, Debtor filed amended schedules and added the account, noted as follows on Schedule B: "Charter One Bank Account in Debtor's Name ($4,000.00) - Held in Trust for Parents - FMV $0."

There is no dispute that the funds are currently titled to Debtor. Nor does the Trustee dispute the tracing of the funds from Debtor's father's account. Debtor contends that the funds were placed in her name on the advice of non-bankruptcy counsel in anticipation of her father's move to a nursing care facility. According to Debtor, the Social Security Administration requested the funds be redeposited into her father's name to be expended for his care/to reimburse Social Security for its coverage of his care.

## LAW AND ANALYSIS

Debtor seeks to impose a constructive trust on the funds, which, if successful, would remove the account from the trustee's reach. Equitable interests held by others are not property of the estate, *see* 11 U.S.C. § 541(d), and therefore are of no value to the estate. See 11 U.S.C. § 541(d); Amedisys, Inc. v. National Century Fin. Enter. (In re Nat'l Century Fin. Enter.), 423 F.3d 567 (6th Cir. 2005) (citations omitted). When the determination of a property interest is necessary, a court must look to the underlying state law. *See* Poss v. Morris (In re Morris), 260 F.3d 654 (6th Cir. 2001) (citations omitted). At the outset, there is no argument that Debtor does possess the legal interest in the account. The account is titled solely in her name and is not any type of custodial account. Thus, the focus is on whether Debtor also holds the equitable interest in the funds in addition to her legal interest, thereby bringing the asset into her estate.

In support of her position that the funds are subject to a constructive trust, with her father as beneficiary, Debtor cites Roberts v. AAC Designers Builders, Inc. (In re The Austin Co.), Case. No. 05-93363 (Bankr. N.D. Ohio 2009) (unpublished) for the proposition that rules of equity allow imposition of a constructive trust, in the absence of fraud, in order to prevent debtor's creditors from receiving the benefit of her father's asset. The problem with Debtor's reliance on The Austin Co. is that she completely neglects the Sixth Circuit's pronouncements on constructive trusts and bankruptcy, including In re XL/Datacomp, Inc. v. Wilson (In re Omegas), 16 F.3d 1443 (6th Cir. 1994), McCafferty v. McCafferty (In re McCafferty), 96 F.3d 192 (6th Cir. 1996), and Poss v. Morris (In re Morris), 260 F.3d 654 (6th Cir. 2001). In these cases, the Sixth Circuit made it profusely clear that "541(d) only operates to the extent that state law has impressed property with a constructive trust prior to its entry into bankruptcy." Morris at 665 (citing Omegas, 16 F.3d at 1451).

Plaintiff in The Austin Co. sought to avoid a preference and the court was confronted with the question of whether the transfer at issue involved a property interest of the debtor. The debtor had sold assets, including a contract with the federal

government. The sale agreement provided that the purchaser would provide the work under the contract and that debtor would remit payment to the purchaser when the payments were received from the federal government. The court had to determine whether the payments from the debtor to the purchaser were assigned, and therefore vested, in the purchaser. As the court pointed out, "[u]nder appropriate circumstances, Ohio law imposes a constructive trust in favor of an assignee on assigned funds which have been collected by an assignor." The Austin Co. at 6 (citing Olympic Title Ins. Co. v. Fifth Third Bank, 2002 WL 31398652 at *3 (Ohio Ct. App. Oct. 25, 2002)). If an assignment existed, a constructive trust may have been impressed on the funds by operation of law. This is simply not the case in the present fact pattern. Debtor has provided no support for an argument that a constructive trust arose prepetition to now result in exclusion of the account from property of her bankruptcy estate.

Since Omegas, the Sixth Circuit has expanded acceptance of constructive trusts in a bankruptcy setting. *See* Morris, 260 F.3d 666-67. However, even if the remedy of a constructive trust is available, equity does not weigh in favor of Debtor. Prepetition, Debtor accepted the funds from her father and there is no allegation of fraud or misdealing at the time of the transfer Now that the trustee seeks turnover of the funds, Debtor seeks to argue that the funds are not property of her estate. As courts have pointed out, a constructive trust is a common-law remedy to counter unjust enrichment, fraud, egregious dealing, and similar misconduct. *See* McCafferty, 96 F.3d at 196; Morris, 260 F.3d at 667 (citation omitted). There is an inherent inconsistency in permitting Debtor to obtain a remedy for the actions she took, namely taking title to her father's funds and out of the reach of his creditors, which would have been the catalyst for the resulting unjust enrichment of Debtor's estate.

Based on the arguments before the Court, Debtor failed to prove that the funds in the account were not property of her bankruptcy estate. Unless Debtor can prove that Social Security law would impose a constructive trust on the funds in account, Debtor's defense of the motion for turnover is without merit. The Court will grant Debtor an additional thirty days, until **April 30, 2010**, to explore this question. If no action is taken by that date, the Court will grant Trustee's motion for turnover.

An appropriate order will be entered reflecting the decision of the Court.

# # #

## SERVICE LIST

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308